UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MICHAEL BROWN,

    Plaintiff,

-v-

DR. JOHN PIERRE, DR. GAVIN, DR. CHOI,
THE CITY OF NEW YORK, et al.; PRISON
HEALTH SERVICES,

    Defendants.

----------------------------------------------------------x

**ORIGINAL**

No. 03 Civ. 8712 (LTS)(JCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/12/06

LAURA TAYLOR SWAIN, United States District Judge

MEMORANDUM OPINION AND ORDER

    Plaintiff Michael Brown ("Plaintiff" or "Brown") brings this action under 42 U.S.C. § 1983, alleging deprivation of medical treatment in violation of his Eighth Amendment protection from cruel and unusual punishment. Plaintiff brings the instant action against Defendants New York City Health & Hospitals Corporation, The City of New York (together, the "Municipal Defendants"), Dr. John Pierre, and Dr. Gavin. In addition, Plaintiff has asserted a claim against Dr. Mihye Choi, although Dr. Choi was not listed as a Defendant in the caption of Plaintiff's Amended Complaint ("Complaint"). The Municipal Defendants and Dr. Choi move pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure to dismiss the Complaint, or in the alternative for summary judgment. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

    The Court treats the instant motion as one pursuant to Rule 12(b)(6). The Court

Copies mailed to Pro Se Plaintiff and defense Counsel
Chambers of Judge Swain

has thoroughly considered all arguments and relevant submissions related to the matter. For the following reasons, Defendants motion to dismiss the Complaint is granted. Plaintiff will, however, be afforded one final opportunity to replead his claim as against the Municipal Defendants.

## BACKGROUND

The following material facts, as alleged in the Complaint, are taken as true for purposes of this analysis. On December 25, 2001, Plaintiff Brown injured his hand while trying to protect himself during a knife fight.[1] (Compl. § IV.) After receiving treatment at Jamaica Hospital, he was transferred, via Rikers Island, to Bellevue Hospital.[2] (Id.) After four months of rehabilitation on Plaintiff's hand, the "hand dr." at Bellevue, later identified by Plaintiff as Dr. Lemen (id. § IV-A), told Plaintiff he needed hand surgery, however, Bellevue Hospital neglected to perform the operation. (Id. § IV.) On February 18, 2003, Plaintiff informed a Dr. Gavin of pain in his hand. (Id.) Subsequently, Bellevue performed an operation on Brown's right fifth finger, during which doctors re-set Brown's finger with metal pins and placed his hand in a cast. (Id.) Brown was told to return in six weeks to have the pins and cast removed. (Id.) After Dr. Gavin left for military duty, Dr. John Pierre was assigned to care for Brown. (Id.)

---

[1] It is not clear from the Complaint or other papers whether Brown was in custody at the time of the fight. However, Brown characterizes himself as a pretrial detainee in the Complaint.

[2] Plaintiff improperly identified Bellevue Hospital as a Defendant in the Complaint. The facility is owned and operated by the New York City Health & Hospitals Corporation. (See Mem. Supp. Defs.' Mot. Dismiss, 3 n.2.)

Nine weeks after surgery, Plaintiff developed pain in his hand, told Dr. Pierre of the pain, and asked the doctor to smell his hand. (Id. § IV-A.) Dr. Pierre said the situation was not an emergency. (Id.) The following day, Plaintiff asked Dr. Pierre again to smell his hand, but Dr. Pierre refused. (Id.) Plaintiff's family contacted a lawyer, Dale Wilker, who contacted Dr. Pierre on Plaintiff's behalf. (Id.) Subsequently, Brown was sent to urgent care and had the cast removed. (Id.) Doctors found that the pins had gone through the skin of the finger, and that the finger was infected badly and was exuding pus. (Id.) The next day, April 25, 2003, Dr. Pierre sent Plaintiff to Bellevue to have surgery, but the hospital refused to perform the surgery. (Id.) The following week, Bellevue performed the surgery and removed the pins. (Id.) On July 25, 2003, during an appointment at Bellevue with Dr. Lemen, the hand doctor, Brown asked to speak to Dr. Choi, the doctor who operated on Brown's hand, but was told "they had 'no' comment." (Id.)

After Plaintiff filed his initial Complaint, Judge Mukasey issued an Order on November 4, 2003, stating that as then pled, Plaintiff's Section 1983 cause of action against the Municipal Defendants failed because of Plaintiff's failure to allege the existence of an official policy or custom that caused the injury, and a causal connection between the policy or custom and the deprivation of a constitutional right. (See Reply Aff. Supp. Defs.' Mot. Dismiss Ex. A ("Order") 3-4 (citing Monell v. Department of Social Services, 436 U.S. 658 (1978)).) Regarding the claims against individual doctors, Judge Mukasey explained that, to state a Section 1983 claim, the Plaintiff must allege facts sufficient to demonstrate deliberate indifference to Plaintiff's medical needs, under Estelle v. Gamble, 429 U.S. 97 (1976). (Id. at 4-5.) Judge Mukasey also stated that deliberate indifference must be proven by showing that defendants

"intentionally denied, delayed access to or interfered with prescribed treatment," which Plaintiff had also failed to allege in his complaint, as to Dr. Choi. (Id. at 5 (citing Estelle, 429 U.S. at 104-06)). Finally, Judge Mukasey directed Plaintiff to amend the complaint to address the Estelle and Monell standards. (Id. at 4, 6.) Brown filed an Amended Complaint on January 21, 2004. The case was assigned to the undersigned on February 10, 2004.

## DISCUSSION

### Standard of Review

In evaluating a motion to dismiss a complaint pursuant to Rule 12(b)(6), the Court must take as true the facts alleged in plaintiff's complaint and draw all reasonable inferences in his favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). Further, the Court must not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### Claims Against Municipal Defendants

The Municipal Defendants may not be held liable under Section 1983 for Dr. Choi, Dr. Gavin, and Dr. John Pierre's alleged actions under the respondeat superior theory of liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." Id. Although a municipality may not be held liable solely for tortious actions of its employees, a municipality may be liable for the actions if the employee acted pursuant to an official municipal policy that caused a constitutional

tort. Id.; Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Absent an official municipal policy, if there is "a systematic maladministration of [the law] . . . such practices of state officials could well be so permanent and well settled as to constitute a [policy]." Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970). Further, a municipality may be held liable for a failure to train its employees if "'the failure to train amounts to deliberate indifference to the rights' of those with whom the state officials will come into contact." Young v. City of Fulton, 160 F.3d 899, 903 (2d Cir. 1998) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).[3]

Here, even construing the Complaint in the light most favorable to the Plaintiff, Brown has made no allegations or offered any facts to support his claim against the Municipal Defendants. Nothing in the Complaint provides any allegation of an official policy that caused Brown's injury and a connection between the policy and the deprivation of a constitutional right. Nor has Brown alleged permanent practices by state officials or a failure to train. Accordingly, Plaintiff has failed to state a cause of action for municipal liability and the Complaint will be dismissed as against the Municipal Defendants.

Plaintiff will, however, be given one further chance to replead his allegations as

---

[3] In Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992), [the Second Circuit] listed three showings required to support a claim that a municipality's failure to train amounted to 'deliberate indifference' of the rights of citizens: (1) that 'a policymaker [of the municipality] knows "to a moral certainty" that [its] employees will confront a given situation'; (2) that 'the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation'; and (3) that 'the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights.' Walker, 974 F.2d at 297-98 (citation omitted).

Young, 160 F.3d at 903-04.

against the Municipal Defendants. In a "Reply Memorandum in Support of Complaint" dated May 31, 2006, Plaintiff proffers documentation of correspondence between his Legal Aid attorney and officials of the Department of Health and Mental Hygiene and of the Correctional Health Services which can be read to assert that, notwithstanding a prior court order relating to patient preparation, the prison health care staff were insufficiently trained in preparing patients for medical procedures and that the treatment of Plaintiff's wound infection was consequently delayed by a month. (August 4, 2003 letter from Dale A. Wilker, at 2.) If Plaintiff wishes to pursue his claims against the Municipal Defendants, he must file and serve a Second Amended Complaint that includes allegations demonstrating that his injuries arose from a policy or custom (such as inadequate training procedures) of the Municipal Defendants. Because the Second Amended Complaint will completely replace the Amended Complaint, Plaintiff must be sure to include all of his allegations as to all of the Defendants against whom he wishes to pursue this action. An amended complaint form will be provided to Plaintiff with this Memorandum Opinion and Order.

Claims Against Dr. Choi

Plaintiff argues that Dr. Choi acted with deliberate indifference in his medical care of Brown, violating Section 1983 by depriving Brown, who alleges that he was a pretrial detainee, of his Fourteenth and Eighth Amendment rights to due process and freedom from cruel and unusual punishment.[4] To state a claim for deliberate indifference, Plaintiff must show that

---

[4] On the first page of the Complaint, Brown identifies himself as having been a pretrial detainee at the time of the alleged incidents. Claims by detainees of unlawful punishment would typically be analyzed under the Due Process Clause of the Fourteenth Amendment, instead of the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 537 n. 16

the Defendant acted with deliberate indifference to his serious medical needs. Estelle, 429 U.S. 97. As explained in Judge Mukasey's November 4, 2003, Order dismissing Plaintiff's initial complaint,

> [i]n Estelle, the Supreme Court held that 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain."' Id. at 104. 'Deliberate indifference' must be evidenced by proof that individuals named as defendants intentionally denied, delayed access to or interfered with prescribed treatment. Id. at 104-06; Hathaway v. Coughlin, 37 F.3d 63, 66-68 (2d Cir. 1994); Veloz v. New York, 35 F. Supp. 2d 305, 311 (S.D.N.Y. 1999).
>
> A challenge to a decision based on medical judgment, however, does not amount to deliberate indifference but constitutes, at most, a medical malpractice claim which may be cognizable in a state court but not in a federal § 1983 action. Estelle, 429 U.S. at 106-07; Arroyo v. Schaefer, 548 F.2d 47, 49-50 (2d Cir. 1970), and 'mere negligence in the treatment of an individual's physical condition, or claims based on differences of opinions over matters of medical judgment, fail to rise to the level of a § 1983 violation.' Sloan v. Zelker, 362 F. Supp. 83, 84 (S.D.N.Y. 1973) (quoting Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972)); see Bryant v. Maffucci, 923 F.2d 979, 983 (2d Cir. 1991); McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (although plaintiff is entitled to medical care, he does not have the right to treatment of his choice).

(Order, 5-6.) Further, the Plaintiff must satisfy the objective and subjective prongs of the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently serious," that is, one involving a "condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991) and quoting Nance v. Kelley, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (internal quotation marks omitted)). Subjectively, the "charged official must act with a sufficiently culpable state of mind." Id. To constitute a culpable state of

---

(1979). Courts, however, apply the Eighth Amendment standard articulated by the Supreme Court in Estelle to claims by detainees as well as claims by convicted prisoners. See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996).

mind, the official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Despite the information Judge Mukasey's Order provided to Plaintiff as to the requirements for stating a deliberate indifference claim, Plaintiff's Complaint, like his original complaint, fails to make out a claim against Dr. Choi. Liberally construed, the Complaint alleges only that Dr. Choi refused to make any comment to Plaintiff following surgery. Even assuming that Plaintiff's condition at the time met the "sufficiently serious" prong of the Estelle standard, nothing in the Complaint even suggests that Dr. Choi knew of and disregarded an excessive risk to Plaintiff's health or safety. Accordingly, the Complaint will be dismissed as against Dr. Choi.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted, and Plaintiff's action is dismissed against New York City Health & Hospitals Corporation, The City of New York, and Dr. Choi. Plaintiff is hereby granted permission to file and serve a Second Amended Complaint restating his claims against the New York City Health and Hospitals Corporation and the City of New York to allege that his injuries were caused by a custom or policy of these Municipal Defendants. Any such Second Amended Complaint must be filed and served by August 18, 2006. If Plaintiff fails to file and serve the Second Amended Complaint by that date, his claims against the New York City Health and Hospitals Corporation and the City of New

York will be dismissed with prejudice and without further advance notice to Plaintiff, and the case will proceed as against the remaining defendants only.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: New York, New York
    July 12, 2006

LAURA TAYLOR SWAIN
United States District Judge