UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MICHAEL BROWN,

        Plaintiff,

 -v-                                          No. 03 Civ. 8712 (LTS)(JCF)

GEORGE JEANTY, P.A., BENJAMIN
OKONTA, JAMES CAPAZIELLO, WARDEN
FIDEL GONZALEZ N.I.C., and BURTON F.
SCHALL, ESQ.,

        Defendants.

-----------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION

        Michael Brown ("Plaintiff"), a prison inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, asserting that defendants George Jeanty, Benjamin Okonta, James Capaziello (collectively, the "Moving Defendants"), Warden Fidel Gonzalez, and Burton F. Schall (jointly, the "Unserved Defendants"), violated his Eighth Amendment right to be free from cruel and unusual punishment by demonstrating deliberate indifference to his medical needs.[1]  The Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

        Magistrate Judge James C. Francis has provided the Court with a Report and Recommendation (the "Report") addressing Plaintiff's motion for a default judgment against

---

[1] Plaintiff also named "Jean Pierre" in the operative Third Amended Complaint. However, Magistrate Judge Francis struck that name from the pleading in light of evidence that no such person was involved in Plaintiff's medical treatment; that Jean Pierre appeared to be a misnomer for defendant Jeanty; and Plaintiff had failed to serve any defendant named Jean Pierre.  (Docket entry no. 78.)  Plaintiff did not timely object to that order.

defendant Jeanty and the Moving Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.² The Court has considered the Report and the submissions thoroughly, including Plaintiff's objections to the Report and the Moving Defendants' response to Plaintiff's objections. For the following reasons, the Court adopts the Report in its entirety.

### DISCUSSION

When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL

---

² The Moving Defendants moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. See docket entry nos. 96, 97, and 98 (motion papers submitted by defendants Okonta and Capaziello) and docket entry nos. 103, 104, and 105 (motion papers submitted by defendant Jeanty). In light of the parties' reliance on materials outside the pleadings in their motion papers, Judge Francis elected "to treat the motion[s] exclusively as one[s] for summary judgment." (Report, p. 10, n.4.) The Moving Defendants provided Plaintiff with the requisite Local Civil Rule 56.2 "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." See docket entries no. 96, 104.

31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

The relevant factual and procedural background in this action is aptly detailed in the Report. (Report, 1-9.) As familiarity with the Report is assumed, the Court will not repeat that discussion here.

Plaintiff's Default Judgment Motion

Jeanty failed to timely appear in the action and Plaintiff moved for a default judgment. However, Jeanty appeared in the action upon receipt of Plaintiff's default judgment motion and explained that his failure owed to his mistaken belief that his former employer would handle his legal representation. (Jeanty Aff. ¶ 5.) Judge Francis recommended that the Court deny Plaintiff's motion for default judgment against Jeanty. Plaintiff objects to that recommendation. (Pl.'s Obj. ¶ 6.) The Court considers the objection sufficiently specific to warrant de novo review.

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court." Palmieri v. Town of Babylon, 277 Fed. App'x 72, 74 (2d Cir. 2008). However, "[a] clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). "[A] sanction so drastic as . . . entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990). In this instance, there is no evidence that Jeanty acted in bad faith or intended to obstruct justice. Plaintiff has not demonstrated that he has been unfairly prejudiced by the delay. See Wynder v. McMahon, 184 Fed. App'x 92, 93 (2d Cir. 2006) (on a motion for

default judgment, the district court should consider "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted" in exercising its discretion); Maule v. Philadelphia Media Holdings, LLC, No. 08 Civ. 3357, 2009 WL 57022, *1 (E.D.Pa. Jan. 9, 2009) ("The fact that [the plaintiff] will have to go forward with the merits of the case rather than simply obtaining a default judgment also does not constitute prejudice."). In light of these considerations, and after de novo review, Plaintiff's motion for a default judgment against Jeanty is denied.

### Claims against Capoziello and Okonta

Judge Francis, after a thorough review of the applicable case law and the factual record, recommended that the motion for summary judgment should be granted with respect to the claims asserted against Capoziello and Okonta. (Report, 13-17.) Judge Francis noted that Plaintiff's theory of liability as to these defendants is premised upon their positions as supervisors, and "a § 1983 claimant cannot rely upon the doctrine of respondeat superior to impose liability upon a defendant who occupies a position of authority." (Report, 15 (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).) Rather, "there must be evidence that a supervisory defendant (1) directly participated in the infraction, (2) had actual or constructive notice of the alleged unconstitutional practices but failed to remedy the wrong, (3) created a policy or custom under which unconstitutional practices occurred, or allowed the continuation of such a policy or custom, or (4) was grossly negligent." (Report, 15-16 (citing Colon, 58 F.3d at 873).) Judge Francis concluded that Plaintiff has not proffered any evidence with respect to these defendants to create a triable issue of fact as to any of the four factors enumerated in Colon.

Plaintiff has not made any specific objections to this conclusion. The Court's review of Judge Francis' analysis with regard to defendants Capoziello and Okonta finds no clear

error. Accordingly, the motion for summary judgment is granted with respect to the claims asserted against Capoziello and Okonta.

<u>Claims against Gonzalez and Schall</u>

Judge Francis did not find any evidence in the record that either defendant Gonzalez or defendant Schall was served with the Third Amended Complaint. Accordingly, the Report recommends that the claims asserted against them should be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).[3] Plaintiff's objections that "I was inform[ed] to drop [Mr. Gonzalez and Mr. Schall,]" and "[t]hey both knew of my pain and suffering" (Pl.'s Obj. ¶ 14) are not sufficiently specific to invoke <u>de novo</u> review. Judge Francis' recommendation accords with Rule 4(m) and is devoid of clear error. Accordingly, the recommendation is adopted and the claims asserted in this action against Gonzalez and Schall are dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

<u>Claims against Jeanty</u>

Judge Francis, after a thorough review of the applicable case law and the factual record, recommended that the Court grant summary judgment with respect to the claim asserted against Jeanty. Judge Francis concluded that the medical records and affidavits contradict Plaintiff's unsupported allegation that Jeanty was responsible for his medical care at the time in question (Report 17-19), and, moreover, that the record demonstrates that "even assuming that events occurred precisely as Mr. Brown describes, at best his allegations bespeak negligence rather than deliberate indifference." (Report, 19.)

---

[3]  Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff objects that Judge Francis erred in relying, in part, on Jeanty's affidavit, because, he asserts, Jeanty lied in his affidavit. (Pl.'s Obj. ¶ 6.) Plaintiff's bald allegation that Jeanty committed perjury in his affidavit is wholly unsupported and uncorroborated and therefore his objection regarding this affidavit is without merit. Plaintiff also objects that it is improper to grant Jeanty's summary judgment motion at this juncture because Jeanty's belated appearance in the action precluded Plaintiff from conducting discovery with respect to Jeanty. (Pl.'s Obj. ¶¶ 9, 16.)

Plaintiff has not proffered any evidence to challenge the veracity of the medical records upon which Judge Francis relied to support his conclusion that Plaintiff's condition did not rise to the sufficiently serious level required to state a claim for deliberate indifference. (Report, 18.) Nor has Plaintiff proffered any evidence, beyond his self-serving allegation, to frame a genuine issue of material fact as to whether Jeanty was responsible for his medical care during the period of time in question (Spring 2003). Judge Francis' conclusions were thus well-founded, and Plaintiff has not demonstrated that there is additional information that could be gathered from taking discovery of Jeanty that would disturb them. Plaintiff has been granted every opportunity to prosecute his case: in the six years since he commenced this action, he has, among other things, received full discovery of his medical records and twice been granted leave to amend his complaint. Accordingly, the Court concludes that Plaintiff does not have a due process right to take additional discovery of Jeanty despite the extensive record warranting summary judgment in Jeanty's favor. See Contemporary Mission, Inc. v. U.S. Postal Service, 648 F.2d 97, 107 (2d Cir. 1991) ("[A] plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover. An opposing party's mere hope that

further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion.") (internal citations and quotation marks omitted).

Plaintiff has not otherwise specifically objected to the Report's factual findings or legal analysis supporting the recommendation that summary judgment is warranted in light of the evidence that Jeanty was not responsible for Plaintiff's care at the time in question and that, even if he was, the evidence demonstrates that Plaintiff's condition at the time was not sufficiently serious to support a deliberate indifference claim. The Court concludes that the analysis is devoid of clear error and, accordingly, adopts the Report's recommendation and grants Jeanty's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Francis' thorough and well-reasoned Report and Recommendation, denies Plaintiff's motion for default judgment against defendant George Jeanty, grants the motions for summary judgment submitted by defendants Benjamin Okonta, James Capaziello, and George Jeanty, and dismisses the claims asserted against defendants Fidel Gonzalez and Burton F. Schall without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). This Memorandum Opinion and Order resolves docket entry nos. 97 and 103. The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated:     New York, New York
           March 22, 2010

LAURA TAYLOR SWAIN
United States District Judge